UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SAMUEL NAVARRETE MIRANDA,     :
    :
                                Plaintiff,     :
    :
              -against-     :
    :     **COMPLAINT**
    :
THAI Y 2 K CORP. d/b/a ERAWAN THAI     :
CUISINE and SURACHAI LIM,     :
    :
                             Defendants.     :
------------------------------------------------------------------- X

Plaintiff Samuel Navarrete Miranda ("Plaintiff" or "Navarrete"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Thai Y 2 K Corp. d/b/a Erawan Thai Cuisine and Surachai Lim (collectively, "Defendants"), alleges:

**NATURE OF THE COMPLAINT**

1. Navarrete regularly worked up to seventy-two hours per workweek as a kitchen worker at Erawan Thai Cusine, a Thai restaurant located in Bayside, Queens. Throughout his employment, Defendants paid Navarrete at the same sub-minimum hourly wage rate for all of his hours worked, including those over forty per workweek. Defendants failed to pay Navarrete an extra hour of pay at the full minimum wage rate when he worked shifts longer than ten hours. Defendants also failed to furnish Navarrete with a wage notice at his time of his hiring and with accurate wage statements with each of his wage payments.

2. Navarrete brings this action to recover from Defendants his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law

§ 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events giving rise to Navarrete's claims occurred at Erawan Thai Cuisine, which is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Samuel Navarrete**

5. Samuel Navarrete resides in Queens County, New York.

6. Defendants employed Navarrete as a kitchen worker from approximately December 2014 until May 2021.

**Defendant Thai Y 2 K Corp.**

7. Defendant Thai Y 2 K Corp. is a domestic business corporation that owns, operates, and does business as Erawan Thai Cuisine, a Thai restaurant located at 43-21 Bell Boulevard, Queens, New York 11361 that has been in business since 1999.

8. Erawan Thai Cuisine is a well-known restaurant with many accolades, including awards from Zagat, AAA, and Nightlife Magazine, and articles in Time Out Magazine, The Queens Courier, and Dining Out.

9. Throughout Navarrete's employment, Erawan Thai Cuisine had employees, including Navarrete, engaged in commerce or in the production of goods for

commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, Erawan Thai Cuisine has had an annual gross volume of sales in excess of $500,000.

11. Erawan Thai Cuisine is an "enterprise engaged in commerce" within the meaning of the FLSA.

**Defendant Surachai Lim**

12. Defendant Surachai Lim is a principal and owner of Erawan Thai Cuisine.

13. Lim is identified as the Chief Executive Officer of Erawan Thai Cuisine in New York State Department of State Division of Corporations filings.

14. Throughout Navarrete's employment, Lim held power and authority over personnel decisions at Erawan Thai Cuisine, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

15. Throughout Navarrete's employment, Lim was regularly present at Erawan Thai Cuisine directing the work duties of employees.

16. For example, Lim would tell Plaintiff what his schedule was.

17. Lim would tell Plaintiff when there was a change in rate of pay.

18. Lim distributed Plaintiff's wages.

19. Lim exercised sufficient control over Erawan Thai Cuisine's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

20. Navarrete worked as a cook, dishwasher, and cleaner throughout his employment at Erawan Thai Cuisine.

21. From approximately January 2016 through December 2019, Navarrete regularly worked twelve-hour shifts from 11:00 a.m. to 11:00 p.m., six days a week, for a total of approximately seventy-two hours per workweek.

22. During this period, Defendants paid Navarrete $9 per hour worked, including for hours over forty per workweek.

23. From approximately January 2020 through the April 2020, Navarrete regularly worked twelve-hour shifts from 11:00 a.m. to 11:00 p.m., five days a week, for a total of approximately sixty hours per workweek.

24. During this period, Defendants paid Navarrete $11 per hour worked, including for hours over forty per workwee.

25. Navarrete did not work at Erawan Thai Cuisine from approximately May 2020 through August 2020 as a result of the Covid-19 pandemic.

26. From approximately September 2020 through the end of his employment, Navarrete regularly worked twelve-hour shifts from 11:00 a.m. to 11:00 p.m., five days a week, for a total of approximately sixty hours per workweek.

27. From approximately September 2020 through December 2020, Defendants paid Navarrete $12 per hour worked, including for hours over forty per workweek.

28. From approximately January 2021 through the end of his employment, Defendants paid Navarrete $12.50 per hour worked, including for hours over forty per workweek.

29. Defendants did not pay Navarrete spread-of-hours pay on days when he worked shifts spanning over ten hours.

30. Defendants did not provide Navarrete with wage notices at his time of hire or when his wage rates changed.

31. Throughout his employment, Defendants paid Navarrete's wages without accompanying wage statements accurately reflecting, *inter alia*, his hours worked and hourly wage rates paid.

### FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

32. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

33. Defendants are employers within the meaning of the NYLL §§ 190(3), 651(6), and 652 and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

34. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

35. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

36. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

37. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

38. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

39. Defendants are an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

40. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

41. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

42. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

44. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

45. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

46. Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

47. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

48. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

6

49. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

50. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

51. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

52. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

53. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

54. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

55. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business

as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

56. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

## SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

57. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

58. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

59. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

60. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

  b. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

  c. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

  d. declare that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

  e. declare that Defendants' violations of the FLSA and the NYLL were willful;

  f. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

  g. award Plaintiff damages for unpaid minimum and overtime wages and spread-of-hours pay;

  h. award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

  i. award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

  j. award Plaintiff pre- and post-judgment interest under the NYLL;

  k. award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  l. award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
  June 20, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Camille A. Sanchez
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff*